Eminent domain; taking; flowage easement; navigability; ordinary high-water mark; agricultural purposes; communi *606 ty of plant life; damages. — Plaintiffs seek damages for the alleged taking by the Government of a permanent flowage easement over part of a 468,73-acre parcel of land situated in Franklin Parish, Louisiana. Plaintiffs’ property is bounded on the east by the Tensas River and on the south mainly by the Tensas River and partially by Bayou Macon (the Bayou). In the order of July 27, 1979 (221 Ct.Cl. 835), the court held that the Tensas River is a navigable water of the United States. As authorized by the Rivers and Harbors Act of July 14, 1960, a new lock-and-dam combination (the "Jonesville lock-and-dam”) was constructed by the Government on the Black River and placed in operation on March 28, 1972. As a result of the construction and operation of the Jonesville lock-and-dam, and the establishment of the permanent Jonesville pool, the portion of the plaintiffs’ property situated below the elevation of 34 feet m.s.l. has been permanently flooded. In addition, the portion of the property lying between the elevation of 34 feet m.s.l. and 37 feet m.s.l. has been permanently damaged, because it is so saturated with moisture at all times that it cannot be utilized for any useful purpose. On June 23, 1980 Senior Trial Judge Mastin G. White filed a recommended opinion holding that plaintiffs are entitled to recover. The trial judge found that the Bayou, in its ordinary condition, was actually used as a highway for commerce, and thus along with the Tensas River, is a navigable body of water. The trial judge concluded that under the various judicially accepted definitions of the ordinary high-water mark previously quoted with approval by the court, the portion of plaintiffs’ property situated below the elevation of 37 feet m.s.l. was situated as of March 28, 1972, above the ordinary high-water mark, and outside the bed, of the Tensas River and the Bayou. Accordingly, the Government is liable to the plaintiffs for the taking of a permanent flowage easement over the portion of the plaintiffs’ property situated below the elevation of 37 feet m.s.l. In that the fair market value of the plaintiffs’ property just before March 28, 1972, was $65,690, and that the fair market value of the property was $49,155 just after the defendant’s action in taking a permanent flowage easement over the portion of the property situated below 37 feet m.s.l., plaintiffs sustained *607 damages of $16,535. Plaintiffs’ reasonable litigation expenses incurred in the prosecution of this claim totaled $17,019.21. The plaintiffs are therefore entitled to a judgment for $33,554.21, plus an amount equal to interest on $16,535 computed at varying rates over varying periods commencing on March 28, 1972 as just compensation for the taking. On March 20, 1981 the court entered the following order:
PER CURIAM:
This case comes before the court on defendant’s exceptions to the findings of fact and its request for review of the recommended decision of Senior Trial Judge Mastin G. White, filed June 23, 1980, copies of which have heretofore been furnished to the parties. Upon consideration of the briefs and exceptions of the parties, and after hearing oral argument of counsel, the court agrees with the trial judge’s findings of fact and recommended decision. However, since plaintiffs have been required to brief and argue the case before the court since the filing of the trial judge’s recommended decision, the court finds that plaintiffs are entitled to the reasonable additional litigation expenses incurred for that purpose, except that no allowance shall be made for any litigation expenses incurred after the date of this order.
Accordingly, the court finds that plaintiffs are entitled to judgment in the amount of $16,535, plus an amount equivalent to interest on that amount computed at the rate of 7-y2 percent per annum from March 28, 1972 to December 31, 1975; at the rate of 8-% percent per annum from January 1,1976 to December 31,1979, and at the rate of 12 percent per annum from January 1, 1980 to the date of payment, as just compensation for the taking of a permanent flowage easement over the plaintiffs’ property.
The court also finds that plaintiffs are entitled to reasonable litigation expenses in the amount of $17,019.21, as found by the trial judge.
The case is remanded to the trial judge for determination (unless the matter is resolved by stipulation) of the reasonable litigation expenses which plaintiffs have incurred in briefing and arguing the case to the court after the filing of the trial judge’s recommended decision. When the trial judge has determined the amount of such additional *608 litigation expense, or when the same is stipulated by the parties, the trial judge shall file a memorandum report in which he shall include his recommendation for the total amount of the judgment to be rendered, including the rates of interest to be paid and plaintiffs’ reasonable litigation expenses. Entry of judgment is deferred pending the filing of the trial judge’s memorandum report.